MACEY'S JEWELRY CORPORATION,
Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 934.

United States District Court
N. D. Florida,
Tallahassee Division.

May 27, 1965.

Wilfred C. Varn of Ervin, Pennington, Varn & Jacobs, Tallahassee, Fla., and Jerome Goldman of Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., and Myron C. Baum, Geo. A. Hrdlicka, J. Patrick Whaley & A. C. Murphy, Dept. of Justice, Washington, D. C., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

This is an action for refund of federal excise taxes paid by the plaintiff, Macey's Jewelry Corporation, assessed on budget charges on retail sales of jewelry.

The question presented on cross motions for summary judgment is whether budget charges made by plaintiff to his customers are part of the *price for which sold* within the meaning of 26 U.S.C. § 4001 as defined in 26 U.S.C. § 4051. The Court concludes that subject budget charges are part of the price for which sold as defined by the above statutes and, accordingly, that it was proper for the United States to assess the excise tax on the amount of the budget charges.

The relevant undisputed facts are summarized. The plaintiff owns and operates a jewelry store in Pensacola, Florida. When a sale of jewelry was made on credit a budget charge was added to the cost. The charge was computed by adding the federal excise tax of 10% and the Florida sales tax of 3% to the price of the item. The amount of the down payment was then subtracted. A budget charge of 10% was added to this net balance.

If the customer paid the full amount owed the plaintiff within ninety days from the date of the particular sale, the amount of the budget charge was refundable to the customer. In some instances when a customer's account was paid in full after ninety days from the date of the sale, and prior to the date upon which the last payment would have been due under the terms of the particular sales contract, the budget charge was refunded. In these cases the entire budget charge was rebated rather than a prorated portion of it. In other instances where the balance was paid after ninety days from the date of sale but before the last payment was due, no rebate of the budget charge was made.

The language of 26 U.S.C. § 4051 is as follows:

"*Definition of price*

"In determining, for the purposes of this chapter, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Secretary or his delegate, in accordance with the regulations. There shall also be excluded, if stated as a separate charge, the amount of any retail sales tax imposed by any State or Territory or political subdivision of the foregoing, or the District of Columbia, whether the liability for such tax is imposed on the vendor or the vendee."

The plaintiff contends that the budget charge is specifically excluded as an "other charge" by the sentence in the statute which states: "A transportation, delivery, insurance, installation, or other charge * * * shall be excluded from the price only if the amount thereof is established to the satisfaction of the Secretary or his delegate, in accordance with the regulations."

■ The Court cannot accept the plaintiff's construction of the statute. This language was correctly construed in Berman's Jewelry Store, Inc. v. United States, 198 F.2d 675 (4th Cir. 1952). There in denying the exclusion of a finance charge from the excise tax base the Court said at 678:

"The words 'other charge' as used in the statute are obviously intended to refer to charges of the same general nature as those enumerated and which arise from some service or undertaking by the vendor imposing upon him an expense not compensated for by the purchase price of the article sold."

In Berman the finance charge was 10% of the list price and no adjustment was made for the amount of the down payment. However, in both Berman and the present case, the charges—whether they be called "finance" or budget charges—were not based on the length of time over which the payments were to extend. Thus if a customer paid his account in four months or in twelve months the charge was the same.

■ In the case at hand the budget charges obviously were not for interest since they were not computed on the basis of the length of time the balance was outstanding. In fixing the cost a customer is to pay for a credit sale a merchant may not arbitrarily choose some amount as a budget charge and thereby exclude it from the tax base. In order to qualify for exclusion from the tax base, the budget charge must be truly· representative of additional expense of credit sale to the vendor. A budget charge computed without regard to the length of time over which the payments are made cannot accurately reflect this additional expense, and is therefore not, within the meaning of the statute, representative of the additional expense.

■ This rationale has been set forth in Rev.Rul. 57–437, 1957—2 Cum.Bull. 717, which states:

"In order for a service charge on credit sales of articles subject to the retailers excise tax to be excludable from the taxable selling price, it is necessary that (1) the charge be based upon the unpaid balance of the selling price and the length of time agreed upon for payment of the balance due, (2) the customer must receive a credit or adjustment of the charge proportionate to any accelerated payment, (3) the amount of the charge must be shown as a separate item on the sales invoice or some other document pertaining to the transaction so that the customer is aware of his privilege of prepaying his account so that he may take advantage of paying a lesser charge, and (4) there must not be present any factors which would negate the bona fides of the transaction."

The Court concludes that these requirements are reasonable and that they accurately construe the meaning of the statute.

Plaintiff here set the budget charge at a fixed rate of 10% without regard to the length of time the contract was to run, and, on the occasions where rebates were actually given, they were not proportionate to the accelerated payments.

For these reasons the Court concludes that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law under the provisions of Rule 56, Federal Rules of Civil Procedure. Judgment for the United States will be entered accordingly.